UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DAVID ALVIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-1162 (RNC) |
| | : | |
| CITY OF WATERBURY, | : | |
| MATTHEW LENNON, and | : | |
| MICHAEL SABOL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RULING AND ORDER**

Plaintiff David L. Alvia brings this action under 42 U.S.C. § 1983 and Connecticut law against the City of Waterbury and Officers Matthew Lennon and Michael Sabol of the Waterbury Police Department alleging that in the course of his arrest he was subjected to excessive force in violation of the Fourth Amendment.  Pending is plaintiff's motion in limine seeking to preclude evidence that he smoked marijuana on the night of his arrest.  For reasons that follow, the motion is denied.

This action arises out of plaintiff's arrest on June 25, 2012.  It is undisputed that Officer Sabol used his fist to strike the plaintiff in the face.  However, the parties dispute

1

what happened before and after Officer Sabol's use of force.[1]
Plaintiff, who plans to testify as to his version of the events,
admits that he smoked marijuana earlier that evening.
Defendants argue that this admission goes to plaintiff's
credibility as well as ability to accurately recall the events
in question.

"It is, of course, within the proper scope of cross-examination to determine whether a witness was under the influence of drugs . . . at the time of observation of events in dispute." United States v. DiPaolo, 804 F.2d 225, 229 (2d Cir. 1986). Given the plaintiff's expected testimony regarding the circumstances of his arrest, "[t]he jury [is] entitled to consider [his] use of drugs in evaluating [his] ability to recount the critical events as they unfolded that night." Knight through Kerr v. Miami-Dade Cty., 856 F.3d 795, 817 (11th Cir. 2017). However, "[a] witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at trial." Id. (quoting Jarrett v. United States, 822 F.2d 1438, 1446 (7th Cir. 1987)). See Dobson v. Walker, 150 F. App'x 49, 52 (2d Cir. 2005) (evidence of drug use could be

---

[1] Further factual background can be found in the Court's summary judgment ruling, ECF No. 57.

introduced to impeach witness's testimonial capacity, but not to impugn her credibility).

Plaintiff argues that the risk of prejudice, confusion, or waste of time substantially outweighs the probative value of the evidence. See Fed. R. Evid. 403. While evidence of marijuana use may be prejudicial in some circumstances, its probative value here outweighs any potential prejudice. Cf. Wasilewski v. Abel Womack, Inc., No. 10-cv-1857 (VAB), 2016 WL 183471, at *15 (D. Conn. Jan. 14, 2016) (finding plaintiff's general history with marijuana unduly prejudicial, but her use of marijuana potentially relevant if it affected her ability to operate machinery on the day of the injury giving rise to her action).

Accordingly, plaintiff's motion in limine is denied. The jury will be instructed that evidence of the plaintiff's marijuana use may be used only for the purpose of assessing his ability to accurately recall the events in question, and not to impeach his character or credibility generally.

So ordered this 18th day of March 2019.

/s/ RNC
Robert N. Chatigny
United States District Judge